**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KALLBERG INDUSTRIES, LLC

       Plaintiff,                    Case No.: 18-cv-62703-DIMITROULE/SNOW

v.

AUTOMOTIVE EXPERTS, INC., and
MICHAEL KUNKEL,

       Defendants.

_____/

**NON-PARTY MCINTYRE THANASIDES BRINGGOLD ELLIOTT**
**GRIMALDI GUITO & MATTHEWS, P.A.'s MOTION TO QUASH**
**SUBPOENA OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

Non-party McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A. files this Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order, stating:

***Background***

This case arises from a single-count Complaint for declaratory relief filed by Plaintiff Kallberg Industries, LLC, a Tennessee Limited Liability Company ("Kallberg TN"). Defendants Automotive Experts, Inc. ("AEI") and Michael Kunkel removed the action to this Court, and subsequently filed a counterclaim. Both Kallberg TN and Defendants allege in their respective Complaint and Counterclaim that Kallberg TN is a Tennessee limited liability company with its primary place of business in Tennessee.

On August 30, 2019, this Court entered its Finding of Fact and Conclusions of Law, Dkt. 46, finding, *inter alia*, that Kallberg TN "was and is a limited liability company, incorporated on October 17, 2017 with its principal place of business in Tennessee," and that Kallberg TN "was a subcontractor of Kallberg Industries, LLC, a Florida Limited Liability Company [("Kallberg

Florida")]." On December 4, 2019, this Court entered an Amended Final Judgment, Dkt. 95, awarding $1,496.00 to Kunkel and $1,735,025.00 to Automotive Experts.

On May 22, 2020, Defendants served the MT Firm with a Subpoena seeking a wide range of documents including 1) contracts between the MT Firm and various entities; 2) documents pertaining to services provided by the MT Firm to those entities; 3) documents pertaining to loans, capital investments, or any other payment of funds by the MT Firm, its shareholders, or owners, to those entities; 4) documents pertaining to loans, capital investments, or any other payment of funds by Kallberg Fuel to those entities; and 5) communications between the MT Firm and those entities pertaining to payments of funds, equipment or services. Those entities include Kallberg TN, together with non-parties Kallberg FL, Kallberg Emergency Management, and Kallberg Fuel.

The Subpoena purports to compel the production of substantial discovery that does not relate in any way to the assets of Kallberg TN. As a result, this Court should enter an order quashing the Subpoena or, in the alternative, enter a protective order excusing the MT Firm from responding to the Subpoena.

### *Argument*

F.R.C.P. 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "While the scope of discovery directed to judgment debtors is broad, generally third parties may be examined *only as to the judgment debtor's assets* and are not required to disclose their own assets." *Cosmos Trading Corporation of Panama v. Banco Nacional de Cuba*, 2007 WL 9706399, at *3 (S.D. Fla. 2007) (*citing National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993) (emphasis supplied).

"[A] third-parties' [*sic*] assets may be discoverable upon a 'heightened showing of necessity and relevance,' meaning 'at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor,' is generally warranted." *Democratic Republic of the Congo v. Air Capital Group, LLC*, 2018 WL 324976, at *2 (S.D. Fla. 2018) (*quotingTrustees Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008). In addition, "Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure." *Rowe v. Rodriguez-Schmidt*, 89 So.3d 1101, 1103 (Fla. 2d DCA 2012) (*quoting Borck v. Borck*, 906 So.2d 1209, 1211 (Fla. 4th DCA 2005)).

As an initial matter, contracts and other documents relating to relationships between the MT Firm and Kallberg FL, Kallberg Emergency Management, and/or Kallberg Fuel have nothing to do with the assets of Kallberg TN. Knowledge of the business or other relationships, if any, between the MT Firm and various entities other than Kallberg TN would not lead to the identification of any assets of Kallberg TN available for execution. There is no reason—let alone a "compelling" reason—that Defendants should be permitted to inquire into the relationship between the MT Firm and various other entities under the guise of attempting to locate assets of Kallberg TN.

Additionally, Defendants have already had the opportunity to seek discovery from the MT Firm concerning the assets of Kallberg TN. *See* Dkt. 88, McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.'s Response to Automotive Experts, Inc., and Michael Kunkel's Request for Production. Defendants previously sought discovery from the MT Firm concerning 1) the funds deposited into the MT Firm's trust account; 2) the disposition, transfer, or removal of those funds; and 3) communications concerning the disposition, transfer or removal of those funds.

In addition, Defendants issued a writ of garnishment to the MT Firm, *see* Dkt. 73, which was answered by the MT Firm. *See* Dkt. 88.

Defendants have already had an opportunity to inquire with the MT Firm as to what assets of Kallberg TN it may have in its possession or may otherwise be aware of, and they have exercised that opportunity. However, they now seek to compel the MT Firm to gather additional documents relating to services already performed by the MT Firm for Kallberg TN. "When a judgment creditor seeks to discover the personal financial information of a nonparty, he or she bears the burden of proving that the information sought is relevant or is reasonably calculated to lead to the discovery of admissible evidence." *Inglis v. Casselberry*, 200 So.3d 206, 209-210 (Fla. 2d DCA 2016) (*quoting Winderting Investments, LLC v. Furnell*, 144 So.3d 598, 602 (Fla. 2d DCA 2014)). In order to carry that burden, the judgment creditor must make "a showing that the proposed financial discovery 'would encompass matters identifying or leading to the discovery of assets available for execution.'" *Winderting*, 144 So.3d at 604.

The documents sought by the Subpoena would not lead to the discovery of any assets available for execution. In the first instance, Defendants have already asked the MT Firm whether it has or is aware of any assets of Kallberg TN available for execution. Additionally, the documents sought could not by their very nature identify any assets of Kallberg TN – if anything, evidence of services rendered by the MT Firm to Kallberg TN or loans or other payments made to Kallberg TN would identify *debts* of Kallberg TN to the MT Firm, not assets of Kallberg TN that Defendants could collect upon. Nor do the requests seek information concerning assets of Kallberg TN that may be held jointly with the MT Firm or any of the other entities referenced in the Subpoena. *See Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Sys. Ltd. P'ship*, 526 So.2d 177, 179 (Fla. 2d DCA 1988) ("However, we do agree with the trial court's rulings insofar as they prohibited discovery

into the *separate* income and assets of [the judgment debtor's non-party] wife, individually, until a proper predicate has been shown.").

In order to overcome the MT Firm's constitutional right to privacy under the Florida Constitution, Defendants carry the burden to make a "heightened showing of necessity and relevance" of the documents requested. In this case, such a showing has not and cannot be made. These requests inquire into *transactions* between various entities, not into assets that are or may be held jointly between any of those entities and Kallberg TN, and a majority of the requested categories of documents do not even involve Kallberg TN in any way. Absent this heightened showing, Defendants' efforts to rummage through the unrelated financial and other confidential information of the MT Firm is a classic "fishing expedition" that this Court should not permit. On their face, these requests are inappropriate and not calculated to lead to the discovery of admissible evidence, and cannot by their very nature lead to the discovery of assets of Kallberg TN available for execution. Accordingly, this Court should award the MT Firm its reasonable attorneys' fees and costs associated with this Motion and the defense of the Subpoena.

However, should this Court determine that any portion of the Subpoena is proper and that the MT Firm should produce responsive documents, this Court must protect the MT Firm from the expenses associated with that production. An order compelling discovery under a subpoena "muts protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." F.R.C.P. 45(d)(2)(B)(ii). Accordingly, should this Court enter such an order, Defendants must be required to pay the MT Firm its reasonable costs and expenses associated with complying with the Subpoena.

WHEREFORE the law firm of McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A. respectfully requests this Court enter an order

A. quashing the Subpoena;

B. sustaining the MT Firm's objections to the Subpoena; or

C. requiring Defendants to pay the costs and expenses of complying with any part of the Subpoena not quashed as a precondition to such compliance; and in any event;

D. awarding the MT Firm its reasonable attorneys' fees and costs associated with this Motion and the defense of the Subpoena; and

E. such other relief as this Court deems just and proper.

Dated: May 6, 2020

Respectfully submitted,

*/s/ Garrett S. Severson*_____
Paul B. Thanasides, Esq.
Florida Bar No.: 103039
Primary: paul@mcintyrefirm.com
Secondary: complexlit@mcintyrefirm.com
Garrett S. Severson, Esq.
Florida Bar No.: 108259
Primary: garrett@mcintyrefirm.com
Secondary: CLService@mcintyrefirm.com
Richard J. McIntyre, Esq.
Florida Bar No.: 962708
Primary: rich@mcintyrefirm.com
McIntyre Thanasides Bringgold
Elliott Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Ste. 200
Tampa, Florida 33602
(813) 223-0000 (Phone)
(813) 899-6069 (Facsimile)
***Attorneys for Non-Party the MT Firm***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 6, 2020, the undersigned filed the foregoing using the

CM/ECF system. I further certify that on May 6, 2020, a copy of the foregoing was provided via

e-mail to the following:

Eric Lee
lee@leeamlaw.com
Lee & Amtiz, P.L.
5550 Glades Rd.
Ste. 401
Boca Raton, FL 33431
Telephone: 561.981.9988
***Attorneys for Automotive Experts Inc. and***
***Michael Kunkel***

David S. Jennis, Esq.
djennis@jennislaw.com
ecf@jennislaw.com
Jennis Law Firm
606 E. Madison St.
Tampa, FL 33602

Sacha Ross, Esq.
sross@grimesgoebel.com
Grimes Goebel, et al.
1023 Manatee Ave. W.
Bradenton, FL 34205

*/s/ Garrett S. Severson*
Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KALLBERG INDUSTRIES, LLC

       Plaintiff,                  Case No.: 18-cv-62703-DIMITROULE/SNOW

v.

AUTOMOTIVE EXPERTS, INC., and
MICHAEL KUNKEL,

       Defendants.

_____/

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

KALLBERG INDUSTRIES, LLC,

        Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC.
and MICHAEL KUNKEL,

        Defendants.
_____/

## NOTICE OF SUBPOENAS TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45 and the attached Subpoenas, the

undersigned attorneys have requested the production of documents as follows:

**NAME**:

McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.

Kallberg Fuel, LLC

**DATE AND TIME**:

14 days after service of Subpoena

**LOCATION**:

Eric Lee
Lee & Amtzis, P.L.
5550 Glades Rd., Ste. 401
Boca Raton, FL  33431

The examinees are requested to produce the documents requested in Schedule 1 within 14 days

of being served with the Subpoena.  No testimony will be taken and no attendance is required.

**In lieu of appearance, the party may produce documents by email or mail prior to the due**

**date at the office of Eric Lee, Esq., lee@leeamlaw.com, Lee & Amtzis, P.L., 5550 Glades**

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

**Road, Suite 401, Boca Raton, Florida 33431.** This notice is to compel the production of documents on the attached Schedule 1.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a copy of the foregoing upon the party on the attached Service List via email.

Dated:  April 22, 2020    Respectfully submitted,

           _____
           ERIC LEE (Bar No. 961299)
           lee@leeamlaw.com
           Lee & Amtzis, P.L.
           5550 Glades Road, Suite 401
           Boca Raton, FL  33431
           Telephone:  (561) 981-9988
           **Attorneys for Defendants/Counterclaim Plaintiffs**
           **AUTOMOTIVE EXPERTS, INC. and**
           **MICHAEL KUNKEL**

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

## SERVICE LIST

**Attorneys for Plaintiff/Counterclaim Defendant**
**KALLBERG INDUSTRIES, LLC**

McIntyre Thanasides, et al.
Richard J. McIntyre, Esq.
Patrick H. Gonyea, Esq.
500 E. Kennedy Blvd., Ste. 200
Tampa, FL  33602

Primary and Secondary Email Addresses

rich@mcintyrefirm.com
patrick@mcintyrefirm.com
pgonyealaw@gmail.com
patrick@gonyealawfirm.com
leslie@mcintyrefirm.com

Jennis Law Firm
David S. Jennis, Esq.
606 E. Madison Street
Tampa, FL  33602

Primary and Secondary Email Addresses

djennis@jennislaw.com
ecf@jennislaw.com

Grimes Goebel, et al.
Sacha Ross, Esq.
1023 Manatee Ave., W.
Bradenton, FL  34205

Primary Email Address

sross@grimesgoebel.com

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

KALLBERG INDUSTRIES, LLC,

      Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC.
and MICHAEL KUNKEL,

      Defendants.

_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    **McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Ste. 200
Tampa, FL  33602**

[X]    **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Subpoena Schedule.**

| PLACE: | DATE AND TIME: |
|---|---|
| Lee & Amtzis, P.L.<br>5550 Glades Rd., Ste. 401<br>Boca Raton, FL  33431<br>Telephone:  (561) 981-9988 | 14 days after service of Subpoena |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/22/20

*CLERK OF COURT*

                           OR

_____           _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing (name of party)  Defendants Automotive Experts, Inc. and Michael Kunkel, who issues or requests this subpoena, are:  **Eric Lee, Esq., Lee & Amtzis, P.L., lee@leeamlaw.com, 5550 Glades Rd., Ste. 401, Boca Raton, FL 33431 (561) 981-9988**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

LF-83 (rev. 12/01/09)

---

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

LF-83 (rev. 12/01/09)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden. (B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good

cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

KALLBERG INDUSTRIES, LLC,

      Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC.
and MICHAEL KUNKEL,

      Defendants.
_____/

**SCHEDULE 1**
(McIntyre Thanasides, et al.)

**DOCUMENTS REQUESTED**

1.      Contracts or agreements between McIntyre Thanasides and KALLBERG, Kallberg Florida, Kallberg Emergency Management, and Kallberg Fuel.

2.      Documents pertaining to McIntyre Thanasides' services provided to KALLBERG, Kallberg Florida, Kallberg Emergency Management, and Kallberg Fuel for equipment and services provided for the Puerto Rico Mission resulting from the effects of Hurricane Maria.

3.      Documents pertaining to loans, capital investments, or any other payment of funds by McIntyre Thanasides (including any of its shareholders and/or owners) to KALLBERG, Kallberg Florida, Kallberg Emergency Management, and Kallberg Fuel.

4.      Documents pertaining to loans, capital investments, or any other payment of funds by Kallberg Fuel to KALLBERG, Kallberg Florida, or Kallberg Emergency Management.

5.      Communications between McIntyre Thanasides and KALLBERG, Kallberg Florida, Kallberg Emergency Management, or Kallberg Fuel  pertaining to loans, capital

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

investments, or any other payment of funds, and equipment or services provided for the mission in Puerto Rico resulting of the effects of Hurricane Maria.  This request is limited to business services provided and does not seek any attorney-client privileged information.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      Unless otherwise stated herein, the relevant time period encompassed by these Requests is from September 1, 2017 through the present date.

2.      "KALLBERG, "You" or "Your" means Plaintiff/Counterclaim Defendant KALLBERG INDUSTRIES, LLC (a Tennessee Limited Liability Company), and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

3.      "Kallberg (Florida)" means Kallberg Industries, LLC (a Florida Limited Liability Company) and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

4.      "Kallberg Emergency Management" means Kallberg Emergency Management, Inc. (a Tennessee corporation) and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

5.      "Kallberg Fuel" means Kallberg Fuel, LLC and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

6.      "AUTOMOTIVE EXPERTS" means Defendant/Counterclaim Plaintiff AUTOMOTIVE EXPERTS, INC., and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

7.      "KUNKEL" means Defendant/Counterclaim Plaintiff MICHAEL KUNKEL.

8.      "Louis Berger" means any entity doing business as Louis Berger including:

Lee & Amtzis, P.L.<br>Attorneys at Law

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

| Business Name | Entity ID | City | Type | Original Filing Date |
|---|---|---|---|---|
| Louis Berger, Inc. | 5482824999 | Morristown | DP | 02/1972 |
| The Louis Berger Group (Domestic), Inc. | 5482820100 | Morristown | DP | 06/1972 |
| The Louis Berger Group, Inc. | 5482826000 | Morristown | DP | 05/1963 |
| Louis Berger & Assoc., P.C. | 0100413857 | Morristown | DP | 05/1989 |
| Louis Berger Facility Services, Inc. | 5482827500 | East Orange | DP | 10/1973 |
| Louis Berger Federal Services, LLC | 0600258094 | | LLC | 01/2006 |
| Louis Berger Group, Inc. | 0100686251 | Morristown | FR | 11/1996 |

and their predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

9.      "Equipment" means any vehicles, utility trailers, used oil storage tanks, fuel caddies, fuel/clean oil tanks, and oil pumps.

10.      "Complaint" means the Complaint filed by KALLBERG against AUTOMOTIVE EXPERTS and KUNKEL on September 29, 2018.

11.      "McIntyre Thanasides" means McIntyre Thanasides Bringgold Elliot Grimaldi Guto & Mathews, P.A. and their predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

12.      "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

correspondence, memoranda, e-mails (and attachments thereto), notes, messages, text messages, letters, telegraphs, teletype, telefax bulletins, meetings, or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CD's, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recording).

13.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

14.     The term "Document" and "record" includes the following electronically, magnetically, or optically stored information:

- Digital communications (e-mail, voice mail, text messages, instant messaging);

- Word processed documents (Word or WordPerfect documents and drafts);

- Spreadsheets and tables (QuickBooks, Money, Excel files, and Peachtree data files);

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

- Image and Facsimile (WAV and .MP3 files);

- Video and Animation (AVI and .MOV files);

- Databases (Access, Oracle, SQL, Server data, SAP);

- Contact and Relationship Management Data (Outlook, ACT!);

- Calendar and Diary Application Data (Outlook PST, Yahoo, blog tools);

- Online Access Data (Temporary Internet Files, History, Cookies);

- Presentations (PowerPoint, Corel Presentations);

- Network Access and Server Activity Logs;

- Project Management Application Data;

- Computer Aided Design/Drawing Files; and,

- Back Up and Archival Files (Zip, .GHO).

15.     This Request seeks documents in their electronic form and/or in searchable .pdf.

16.     The term "all documents" and "all records" means every document and record or group of documents and records or communication as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

17.     "Agent" means any agent, employee, officer, director, attorneys, independent contractor or any other person acting at the direction of or on behalf of another.

18.     "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

19.     "Third party" or "third parties" means individuals or entities that are not a party to this action.

20.     The words "pertain to" or "pertaining to" mean relates to, refers to, contains,

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

21.     As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23.     The terms "all" and "each" shall be construed as all and each.

24.     "You" and "your" refers to the person responding to these requests.

25.     "Action" means this pending action as identified in the caption.

26.     "Communications" means any oral or written statement, dialogue, colloquy, discussion, conversation and agreement.

27.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

28.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

29.     In responding to these document requests, the Defendants shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of his, her or its agents and representatives.

30.     References to an individual, partnership or corporation include any and all agents, employee's representatives and attorneys and all other persons or entities acting on his, her or its behalf or under his, her or its control.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

31.     If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

- the nature of the privilege claimed (including work product);

- if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

- the date of the document or oral communication;

- if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information insufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

- if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

- the general subject matter of the document or oral communication.

28.     If any document or copy thereof was but is no longer in your possession or subject to your control, please state and specify in detail for each such document:  the type of document, the types of information contained therein, the date upon which it ceased to exist, the disposition that was made of it, the identity of all persons having knowledge of the circumstances of its disposition, and the identity of all persons having knowledge of the contents thereof.

29.     You must act immediately to preserve potentially relevant Preservation of Electronically Stored Information ("ESI") relating to this matter.  Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence.  You

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI.  Be advised that sources of ESI are altered and erased by continued use of your computers and other devices.  Booting a drive, examining its contents or running any application will irretrievably after the evidence it contains and may constitute unlawful spoliation of evidence.  Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.  Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

KALLBERG INDUSTRIES, LLC,

        Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC.
and MICHAEL KUNKEL,

        Defendants.

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    **Kallberg Fuel, LLC**
       **c/o Registered Agent Richard J. McIntyre**
       **500 E. Kennedy Blvd., Ste. 200**
       **Tampa, FL  33602**

[X]    **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Subpoena Schedule.**

| PLACE: | DATE AND TIME: |
|---|---|
| Lee & Amtzis, P.L.<br>5550 Glades Rd., Ste. 401<br>Boca Raton, FL  33431<br>Telephone:  (561) 981-9988 | 14 days after service of Subpoena |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/22/20

      *CLERK OF COURT*

    _____  OR  _____
    *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing (name of party)  _Defendants Automotive Experts, Inc. and Michael Kunkel_, who issues or requests this subpoena, are:  **Eric Lee, Esq., Lee & Amtzis, P.L., lee@leeamlaw.com, 5550 Glades Rd., Ste. 401, Boca Raton, FL 33431 (561) 981-9988**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-83 (rev. 12/01/09)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                    DATE

            SIGNATURE OF SERVER

            ADDRESS OF SERVER

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

LF-83 (rev. 12/01/09)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden. (B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good

cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

KALLBERG INDUSTRIES, LLC,

       Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC.
and MICHAEL KUNKEL,

       Defendants.
_____/

## SCHEDULE 1
(Kallberg Fuel)

## DOCUMENTS REQUESTED

1.     Contracts or agreements between Kallberg Fuel and KALLBERG, Kallberg Florida, Kallberg Emergency Management, and McIntyre Thanasides.

2.     Documents pertaining to Kallberg Fuel's services provided to KALLBERG, Kallberg Florida, and Kallberg Emergency Management for equipment and services provided for the Puerto Rico Mission resulting from the effects of Hurricane Maria.

3.     Documents pertaining to loans, capital investments, or any other payment of funds provided by Kallberg Fuel (including any of its shareholders and/or owners) to KALLBERG, Kallberg Florida, and Kallberg Emergency Management.

4.     Communications between Kallberg Fuel and KALLBERG, Kallberg Florida, or Kallberg Emergency Management, pertaining to any loans, capital investments, payment of funds, and equipment or services provided for the mission in Puerto Rico resulting of the effects of Hurricane Maria.  This request is limited to business services provided and does not seek any attorney-client privileged information.

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise stated herein, the relevant time period encompassed by these Requests is from September 1, 2017 through the present date.

2.      "KALLBERG, "You" or "Your" means Plaintiff/Counterclaim Defendant KALLBERG INDUSTRIES, LLC (a Tennessee Limited Liability Company), and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

3.      "Kallberg (Florida)" means Kallberg Industries, LLC (a Florida Limited Liability Company) and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

4.      "Kallberg Emergency Management" means Kallberg Emergency Management, Inc. (a Tennessee corporation) and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

5.      "Kallberg Fuel" means Kallberg Fuel, LLC and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

6.      "AUTOMOTIVE EXPERTS" means Defendant/Counterclaim Plaintiff AUTOMOTIVE EXPERTS, INC., and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

7.      "KUNKEL" means Defendant/Counterclaim Plaintiff MICHAEL KUNKEL.

8.      "Louis Berger" means any entity doing business as Louis Berger including:

| Business Name | Entity ID | City | Type | Original Filing Date |
|---|---|---|---|---|
| Louis Berger, Inc. | 5482824999 | Morristown | DP | 02/1972 |
| The Louis Berger Group | 5482820100 | Morristown | DP | 06/1972 |

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

(Domestic), Inc.

| | | | | |
|---|---|---|---|---|
| The Louis Berger Group, Inc. | 5482826000 | Morristown | DP | 05/1963 |
| Louis Berger & Assoc., P.C. | 0100413857 | Morristown | DP | 05/1989 |
| Louis Berger Facility Services, Inc. | 5482827500 | East Orange | DP | 10/1973 |
| Louis Berger Federal Services, LLC | 0600258094 | | LLC | 01/2006 |
| Louis Berger Group, Inc. | 0100686251 | Morristown | FR | 11/1996 |

and their predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

9.     "Equipment" means any vehicles, utility trailers, used oil storage tanks, fuel caddies, fuel/clean oil tanks, and oil pumps.

10.     "Complaint" means the Complaint filed by KALLBERG against AUTOMOTIVE EXPERTS and KUNKEL on September 29, 2018.

11.     "McIntyre Thanasides" means McIntyre Thanasides Bringgold Elliot Grimaldi Guto & Mathews, P.A. and their predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

12.     "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails (and attachments thereto), notes, messages, text messages, letters, telegraphs, teletype, telefax bulletins, meetings, or other communications, interoffice and

interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CD's, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recording).

13.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

14.     The term "Document" and "record" includes the following electronically, magnetically, or optically stored information:

- Digital communications (e-mail, voice mail, text messages, instant messaging);

- Word processed documents (Word or WordPerfect documents and drafts);

- Spreadsheets and tables (QuickBooks, Money, Excel files, and Peachtree data files);

- Image and Facsimile (WAV and .MP3 files);

- Video and Animation (AVI and .MOV files);

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

- Databases (Access, Oracle, SQL, Server data, SAP);

- Contact and Relationship Management Data (Outlook, ACT!);

- Calendar and Diary Application Data (Outlook PST, Yahoo, blog tools);

- Online Access Data (Temporary Internet Files, History, Cookies);

- Presentations (PowerPoint, Corel Presentations);

- Network Access and Server Activity Logs;

- Project Management Application Data;

- Computer Aided Design/Drawing Files; and,

- Back Up and Archival Files (Zip, .GHO).

15.     This Request seeks documents in their electronic form and/or in searchable .pdf.

16.     The term "all documents" and "all records" means every document and record or group of documents and records or communication as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

17.     "Agent" means any agent, employee, officer, director, attorneys, independent contractor or any other person acting at the direction of or on behalf of another.

18.     "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

19.     "Third party" or "third parties" means individuals or entities that are not a party to this action.

20.     The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

21.     As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

22.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23.     The terms "all" and "each" shall be construed as all and each.

24.     "You" and "your" refers to the person responding to these requests.

25.     "Action" means this pending action as identified in the caption.

26.     "Communications" means any oral or written statement, dialogue, colloquy, discussion, conversation and agreement.

27.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

28.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

29.     In responding to these document requests, the Defendants shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of his, her or its agents and representatives.

30.     References to an individual, partnership or corporation include any and all agents, employee's representatives and attorneys and all other persons or entities acting on his, her or its behalf or under his, her or its control.

31.     If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

information would disclose the privileged information:

- the nature of the privilege claimed (including work product);

- if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

- the date of the document or oral communication;

- if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information insufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

- if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

- the general subject matter of the document or oral communication.

28.     If any document or copy thereof was but is no longer in your possession or subject to your control, please state and specify in detail for each such document:  the type of document, the types of information contained therein, the date upon which it ceased to exist, the disposition that was made of it, the identity of all persons having knowledge of the circumstances of its disposition, and the identity of all persons having knowledge of the contents thereof.

29.     You must act immediately to preserve potentially relevant Preservation of Electronically Stored Information ("ESI") relating to this matter.  Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence.  You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI.  Be advised that sources of ESI are altered and erased by

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 18-CV-62703-DIMITROULEAS/HUNT

continued use of your computers and other devices.  Booting a drive, examining its contents or running any application will irretrievably after the evidence it contains and may constitute unlawful spoliation of evidence.  Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.  Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW