UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-62703-CIV-DIMITROULEAS/HUNT

KALBERG INDUSTRIES, LLC,

    Plaintiff,

v.

AUTOMOTIVE EXPERTS, INC., et al.

    Defendants.

_____/

## OMNIBUS ORDER

This matter is before this Court on the Non-parties' Motions to Quash Subpoenas or in the Alternative Motions for Protective Order ("Motions"). ECF Nos. 128, 129. The Honorable William P. Dimitrouleas, United States District Judge, referred all discovery matters and post-judgment motions in aid of execution in this case to the Honorable Lurana S. Snow, United States Magistrate Judge. *See* ECF Nos. 10, 87; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The case was reassigned to the undersigned United States Magistrate Judge after Judge Snow's recusal. ECF No. 122. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the Non-parties' Motions are GRANTED for the reasons set forth below.

**I.**    **Background**

This action arises from Kalberg Industries', LLC ("Plaintiff") breach of contract claim against Automotive Experts, LLC and Michael Kunkel ("Defendants"). Plaintiff filed a declaratory action and Defendants responded with a counter-claim. ECF Nos. 1, 5. The Court entered final judgment in favor of Defendants. ECF NO. 95. Afterwards,

Defendants served Kalberg Fuel, LLC, and McIntyre Thanasides Bringgold Elliott Grimaldi Gutto & Matthews, P.A. (collectively "Non-parties") with subpoenas seeking: 1) contracts between the Non-parties and various entities; 2) documents pertaining to services provided by the Non-parties to those entities; 3) documents pertaining to loans, capital investments, or any other payment of funds by the Non-parties, their shareholders, or owners to those entities; and 4) communications between the Non-parties and those entities related to payment of funds, equipment, or services. ECF No. 128-1, 129-1. The Non-parties moved to quash the subpoenas. ECF Nos. 128, 129. Defendants filed a response in opposition and the Non-parties filed replies in support of their Motions. ECF Nos. 131, 132, 133, 134.

## II.     Discussion

The Non-parties argue that the subpoenas should be quashed because the documents sought would not lead to the identification of any of Plaintiff's assets and would only show Plaintiff's business relationships with these entities. Additionally, the Non-parties argue that Defendants have already received discovery related to the Non-parties and their contractual relationships with Plaintiff. Lastly, the Non-parties argue that the subpoenas should be quashed because Defendants have not a made a heightened showing of necessity and relevance to overcome the Non-parties' constitutional right to privacy under the Florida Constitution.

Defendants respond that the Non-parties failed to comply with LR 7.1(a)(3) and Judge Snow's order because they did not confer either in person or by telephone.

Next, Defendants argue that they are required to demonstrate that there are potential assets to satisfy the judgment in order to implead the Non-parties in

supplementary proceedings. Defendants argue that in order to implead a non-party on the basis of alter ego liability, Defendants must establish that the alleged alter ego entity has property sufficient to satisfy the judgment. Accordingly, information related to the Non-parties' assets is relevant.

In support of its alter ego argument, Defendants contend that Defendants dealt with one Non-party, Kalberg Fuel, and its principal, Michael Kalberg, when Defendants were hired. Further, Defendants allege that Plaintiff in the instant suit was not incorporated until October of 2017, which was after Defendants had been contacted to provide services. Further, Defendants allege that they have received information that one Non-party, McIntyre Thanasides Bringgold Elliott Grimaldi Gutto & Matthews, P.A., was directly involved in the business operations of Plaintiff and another non-party, Kalberg Industries, LLC, a Florida Limited Liability Company ("Kalberg FL").

The Non-parties reply arguing that Defendants must make some showing that the requests will reveal assets before seeking the discovery sought in the subpoenas. To contest the alter ego allegations, the Non-parties state that they and Plaintiff do not share any owners in common, keep separate books, and have not had any business relationship or other relationship with each other.

Additionally, the Non-parties contend that Kalberg FL has been previously found by this Court to be a separate entity. See ECF No. 46 at 3 ("[Plaintiff] was a subcontractor of Kalberg [FL]"). As a result, the Non-parties argue that Defendants' alter ego assertions are conclusory and speculative at best and the subpoenas should be quashed.

### III. Analysis

"While the scope of discovery directed at judgment debtors is broad, third parties are generally only examined 'as to the judgment debtor's assets and are not required to disclose their own assets.'" *Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-20607-CIV-COOKE/TORRES, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993)).

A third-party's assets may be discoverable upon a heightened showing of necessity and relevance, which usually requires some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor. *Id.*

When pursuing discovery on the basis of alter ego liability, the record must show that the debtors and the non-parties share a close relationship. *See id.* at *3; *see also Trs. of the N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993).

In *Trustees of the North Florida Operating Engineers Health & Welfare Fund*, the court held that the judgment creditor was entitled to seek discovery from a non-party on the basis of an alter ego theory because: 1) the judgment debtor became defunct within one month of the formation of the new company; 2) the son of the principal of the debtor company was the sole owner of the new company; 3) the debtor company and the new company utilized the same address; 4) the debtor company and the new company engaged in the same kind of business; and 5) the new company employed some of the debtor company's former employees. 148 F.R.D. at 664. The court noted that any one of these factors, alone, may not be sufficient to make the requisite showing. *Id.* However,

4

the combination of these factors provided a sufficient basis for the creditor's allegation of an alter ego relationship sufficient to justify the requested discovery.  *Id.*

In *Democratic Republic of the Congo*, the court held that the record demonstrated that the non-parties and the debtors shared a closed relationship, entitling the judgment creditors to discovery based on alter ego liability because the non-parties and debtors shared the same principals, places of business, and registered agents.  2018 WL 324976 at *3.  Moreover, the debtors even formed the non-parties' companies.  *Id.*  Based on these similarities, in addition to the allegation that the debtors transferred assets to the alter egos, the court held that the judgment creditor satisfied the burden of a heightened showing of necessity and relevance.  *Id.*  Notably, the subpoena in the case sought items related to assets maintained by the alleged alter egos and not contracts with other companies.  *Id.* at *2 (the subpoena sought tax returns, financial statements of assets and liabilities, bank statements, bills of sale of property owned by the alter ego, and bills of sale of any property sold to the alter ego by the judgment debtor).

Here, Defendants support their alter ego claims by alleging that they dealt with and spoke with one Non-party and its principal, Michael Kalberg, before Plaintiff's company was even formed.  Further, Defendants contend that they have received information that one Non-party, McIntyre Thanasides Bringgold Elliott Grimaldi Gutto & Matthews, P.A., had significant involvement in the business operations of the alleged alter ego and Plaintiff's company.  Defendants provide nothing more in support of their alter ego allegations.  The undersigned finds that Defendants' support is in stark contrast to the support used by judgment creditors in the above-cited cases.  Here, the record does not show that the Non-parties and Plaintiff share the same owners, principals, or financial

books. Nor do Defendants allege that Plaintiff transferred assets to these alleged alter egos. The undersigned finds that Defendants' support for their alter ego claim is mere speculation and does not provide sufficient justification to entitle Defendants to the discovery sought.

Notably, in the above-cited cases, the subpoenas sought information related to the non-party's assets. However, here, the subpoenas seek contracts, communications, payments of funds, and loans from the Non-parties to Plaintiff. The subpoenas do not seek financial statements, such as assets and liability statements or bills of sale between the Non-parties and Plaintiff. Accordingly, the subpoena requests will not show whether the Non-parties have assets to aid in the execution of judgment.

Therefore, the undersigned finds that Defendants have not met their burden of providing a heightened showing of necessity and relevance, nor have Defendants shown a close relationship between Plaintiff and the Non-parties sufficient to justify the discovery sought in the subpoenas on the basis of alter ego liability.

**IV.   Conclusion**

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that the Non-parties' Motions to Quash, ECF Nos. 128, 129, are GRANTED.

**DONE and ORDERED** at Fort Lauderdale, Florida this 2nd day of June 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas,
All Counsel of Record